## BLACK, adm'r. *vs* EVERETT.

1. Assignments of judgments pass only equitable interests, not authorising actions at law, in the name of the assignees.

2. Thus, a judgment obtained by one and assigned by him, can only be sued upon after his death, in the name of his representative; and not in that of the assignee.

3. A plea in an action upon a judgment against one, that "the defendant was always ready and willing, and is ready and willing to liquidate the judgment, but that the plaintiff failed to ascertain and credit the amount of certain sums, collected under "certain agreements," &c. "or to pursue all, or any iegal means, to recover all or any insolvencies, or to prosecute for losses, by the negligence, or want of proper management of the attorney employed by said plaintiff; or to render any account to said defendant," &c. held to be bad on demurrer.

Error to Mobile Circuit Court.

William Black, administrator of Samuel Greenlee, deceased, for the use of John and Thomas Crowell, declared against John F. Everett, in the action of debt.

The action was founded on the record of a judgment, rendered in one of the Circuit Courts in the State of Georgia, in favor of the intestate of the said Black, against the said Everett.

The defendant plead—First, *nul tiel record;* Secondly, a special plea, averring, that "the said action should not be had and maintained against the said defendant, because, before the rendition of the said judgment, in favor of said Greenlee, against the defendant, and in contemplation thereof, an agreement was entered into between said Greenlee and the said defendant, in the words following, to wit:

"Articles of agreement between Samuel Greenlee, of the one part, and John F. Everett, of the other, viz: Whereas the aforesaid John F. Everett has transferred and conveyed to Samuel Greenlee, the several notes as described in the annexed list; and whereas the said Greenlee instituted suit against said Everett, for the sum of five thousand and thirty-two dollars and thirty cents—now be it understood, that the said Greenlee is to go on and prosecute his suit against the said Everett, until he obtain judgment for the above sum of five thousand and thirty-two dollars and thirty cents; but that he, the said Greenlee, guarantees and obligates himself, only to use the said judgment, in the event of the said drawers of the above described notes being sued to insolvency, and then only to the amount of such default as may appear, after suing the annexed obligors to insolvency. Moreover, the said Greenlee binds himself to pay all collection fees, &c. in collecting the above described notes."

And that afterwards, to wit, on the twenty-second day of December, 1823, the said agreement being still in full force, the said defendant made a second agreement with the said John and Thomas Crowell, in the words and figures following, to wit:

"Whereas, on the twenty-fourth day of November, 1820, John and Thomas Crowell did transfer to Samuel Greenlee, a note on Gen. John F. Everett, for five thousand nine hundred and thirty-seven dollars and thirty cents, with a credit endorsed for nine hundred and five dollars and fifty-nine cents, to secure or indemnify the said Greenlee from them the payment of a debt to Farish Carter, of Georgia, as the security of the said John and Thomas Crowell; and

whereas the said John F. Everett did, at several times thereafter, convey to the said Greenlee, as collateral security, a number of notes and other evidences of debt, to secure the ultimate payment of the said note to the said Greenlee, or John and Thomas Crowell: and, whereas the said John and Thomas Crowell, having satisfied and paid the said Greenlee the amount of the security-ship, to the said Farish Carter, the said Greenlee returned all the receipts and other evidences of the debts so placed in his hands, to the said John and Thomas Crowell, who are now the proper owners of the said debts.— Now, be it known, that the said John F. Everett, agrees to receive, and the said John and Thomas Crowell obligate themselves to return, to the said Everett, all such notes or evidences of debts, which he, the said Everett, transferred to the said Greenlee, and which remain uncollected; and that part which has been collected, shall be a good set-off against the judgment, which was obtained by Greenlee against the said John F. Everett, in Washington County, and the judgment credited, so soon as the amount collected shall be ascertained. The said John and Thomas Crowell have, this day, in compliance with the within obligation, delivered to Gen. John F. Everett, the several receipts of such persons as had the collection of the said notes, so transferred to the said Greenlee. John and Thomas Crowell agree and obligate themselves, to pursue all legal means to recover all such sums as may have become insolvent or lost, for want of proper management, on the part of the attornies. employed by Greenlee."

And the said defendant avers, that he has been always ready and willing, and now is ready to settle and liquidate the said judgment: but that the said John and Thomas Crowell have failed to ascertain and credit the amount of the sums, collected under the first agreement; or to pursue all or any legal means to recover all or any insolvencies, or to prosecute for losses, by the negligence or want of proper management of the attorney, employed by the said Greenlee, or to render any account to said defendant, of the said proceedings of the said Greenlee," &c.

To this plea, the first being withdrawn, the plaintiff filed a general demurrer, which was overruled by the Court, and judgment entered for the defendant.

*Gordon* and *Goldthwaite*, for the plaintiff in error; *Stewart, contra.*

TAYLOR, J.—The defendant in error has raised the preliminary point, that the action could not be sustained by the administrator of Greenlee, after the interest in the original judgment had been assigned to the Crowells.

It is a sufficient answer, that neither the common or statutory law recognises the assignment of a judgment: such assignment passes only an equitable interest, and does not authorise a suit at law, in the name of the assignee. The right of action, therefore, after the death of Greenlee, was in his representative only.

The question made by the assignment of error, is, the overruling the demurrer to the second plea.

It is believed by this Court that this plea avers no issuable fact. The allegation that the defendant was always ready and willing to settle and liquidate the judgment, was not an averment which could be replied to—if true, it formed nomatter of defence: and the same may be said of the allegation, that the Crowells had failed to ascertain and credit the amount of the sums collected under the first agreement, and to prosecute for losses sustained by negligence, &c. There is no averment, nor does it appear by the plea that any amount had been collected, or lost by negligence. It may be, that the Crowells' insist, and the fact is so, that no money has been collected on the notes placed in the hands of Greenlee, by the defendant, as collateral security, nor any loss sustained by negligence in the prosecution of those claims. They may all have proved unavailing to Greenlee, and the Crowells.

But what is the effect of these agreements between Greenlee and the defendant, and the Crowells and the defendant? Can they be set up as a defence in this suit? I conceive not. If the Crowells have failed to discharge any of the duties which devolved upon them by their covenants, they may be sued by the defendant, and damages recovered for this breach: but I can not think their failure to prosecute those who have been negligent, and thereby suffered losses to be sustained, can be set up by plea, and investigated in this action. The defendant would certainly be permitted to prove, under the plea of payment, the receipt of any sums of money by Greenlee or Crowell upon the notes, and obtain a credit for them, but he can not defeat the action by a mere allega-

BLACK, adm'r *vs* EVERETT.

tion that the amount collected on the notes, and lost by negligence, has not been credited on the judgment sued on, when it does not appear that any thing has been thus collected or lost.

The agreement between the Crowells and the defendant, entirely superseded the former one between Greenlee and defendant. The latter, if it had never been varied, might have been pleaded as a defence, and the defendant would have been entitled to a credit under it for the amount of the notes specified in the list, except such as the plaintiff would have shewn had been unavailing, although the makers had been prosecuted to insolvency.

The contract with the Crowells, however, is of a very different nature. By that, the defendant agreed that the judgment should be credited by the amount which had been collected upon the notes placed in the hands of Greenlee; and there is a distinct and seperate undertaking, on the part of the Crowells, that they will "pursue all legal means to recover all such sums as may have become insolvent, or lost for want of proper management on the part of the attorneys employed by Greenlee."

This agreement no where on the face of it, shows that any moneys had been collected on the note; or by prosecuting attorneys for negligence, nor is there any thing in the record, by way of averments in the pleadings or otherwise, to show this fact. As before observed, the defendant is certainly entitled to a credit for any moneys which, under a proper state of pleadings, he may prove to have been received on the notes by Greenlee or the Crowells, or which

5 s & p.                    9

the latter may have recovered for losses on account of negligence of attorneys, &c. but it cannot be introduced as a defence to this action, that the Crowells have failed to prosecute thoes guilty of negligence. It is not necessary, however, to go this far, because it is no where averred by the defendant that any such losses have been sustained.

The Circuit Court erred in overruling the demurrer of the plaintiffs to the defendant's second plea, for which reason, the judgment must be reversed, and the cause remanded.